UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JASON MARTIN, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:07-CV-1831 (JCH) |
| ) | |
| THE BOARD OF POLICE ) | |
| COMMISSIONERS OF ST. LOUIS CITY, ) | |
| MISSOURI, et al., ) | |
| ) | |
|     Defendants. ) | |

**ORDER**

The matter is before the Court on Defendant Board of Police Commissioners of St. Louis City, Missouri's[1] ("Board") Motion to Dismiss (Doc. No. 10), filed November 05, 2007. Plaintiff has filed a response.

**BACKGROUND**

This cause of action stems from an incident occurring at the Spotlight Bar on April 6, 2001. (Compl., Doc. No. 1 at ¶ 9, 17). That night a few St. Louis City police officers were working as "department approved secondary security on the exterior parking lot of Spotlight." (Id. at ¶ 10). A fight broke out in the parking lot, and a single gun shot was heard as the security officers were responding to the fight. (Id. at ¶¶13-14). The security guards ordered Plaintiff to remove his hands from his pocket, and then shot him. (Id. at ¶ 17).

---

[1] Although the Board has not specifically listed all of its members in its motion to dismiss, the Court construes this motion as being made on their behalf.

1

Plaintiff filed a seventeen count suit on September 18, 2007 alleging various state tort and 42 U.S.C. § 1983 actions. Plaintiff has named the Board in the following counts: (Count XII) negligent training and supervision; (Count XIII) respondeat superior; and (Count XVII) § 1983 claim for failure to instruct, control, and supervise. The Board removed the case to this Court on October 25, 2007. Defendants filed their motion to dismiss on November 5, 2007.

## MOTION TO DISMISS STANDARDS

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint in the light most favorable to Plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  Additionally, the Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005). A motion to dismiss must be granted if the Complaint does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. ---, 127 S. Ct. 1955, 1974 (2007) (abrogating the "no set of facts" standard for Fed. R. Civ. P. 12(b)(6) found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Stated differently, to survive a motion to dismiss, the Complaint's factual allegations "must be enough to raise a right to relief above the speculative level." Id. at 1965.

## DISCUSSION

The Board asserts that Plaintiff's claims against it fail because he did not timely file his Complaint.[2] Plaintiff asserts that he timely filed his claim on April 6, 2006. (Resp., Doc. No. 13).

Missouri statute provides that the following actions must be brought within five years:

---

[2] The Board asserts multiple grounds for dismissal. The Court will only address the statute of limitations argument because it is dispositive.

> An action for taking, detaining or injuring any goods or chattels, including actions for the recovery of specific personal property, or for any other injury to the person or rights of another, not arising on contract and not herein otherwise enumerated.

Mo. Rev. Stat. § 516.120(4). This provision applies to personal injury actions, such as those Plaintiff alleges. Sulik v. Taney County, 393 F.3d 765, 768-69 (8th Cir. 2005).  The statute of limitations for personal injury actions sounding in tort applies to suits for violation of civil rights under § 1983. Kitchen v. Miller, 343 F. Supp. 2d 820, 821-22 (E.D. Mo. 2004) (citing Gaona v. Town & Country Credit, 324 F.3d 1050, 1054 (8th Cir. 2003)).

Here, the cause of action accrued on April 6, 2001, the day of the shooting. Plaintiff contends that he filed his claim on April 6, 2006. The record, however, shows that Plaintiff did not file suit until September 18, 2007. (Notice of Removal, Doc. No. 1 at Ex. A p. 20). As such, his claims against Defendant are untimely and must be dismissed.[3]

Accordingly,

**IT IS HEREBY ORDERED** that Defendant  Board of Police Commissioners of St. Louis City, Missouri's Motion to Dismiss (Doc. No. 10) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendants Board of Police Commissioners of St. Louis, Missouri, Bart Saracino, Michael Quinn, Jo Ann Freeman Morrow, Chris Goodson, Paul M. Nocchiero, and Francis Slay[4] are **DISMISSED**.

Dated this 15th  day of January, 2008.

---

[3] In fact, it appears that none of Plaintiff's Claims are timely filed. The motion before the Court, however, only reaches the Board.

[4] The individuals listed make up the Board.

3

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE