UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JASON MARTIN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Cause No. 4:07-CV-1831 (JCH) |
| | ) |
| THE BOARD OF POLICE | ) |
| COMMISSIONERS OF ST. LOUIS | ) |
| CITY, MISSOURI, et al., | ) |
| | ) |
|     Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant City of St. Louis' ("City") Motion to Dismiss (Doc. No. 5), filed October 29, 2007 and Defendant St. Louis Board of Police Commissioners' ("Board") Motion to Dismiss (Doc. No. 10), filed November 5, 2007. The matters are fully briefed and ready for disposition.

## BACKGROUND

On April 6, 2001, Plaintiff Jason Martin ("Martin") was at the Spotlight Bar ("Spotlight") in St. Louis, Missouri. (Compl., Doc. No. 1-2 at ¶ 9). At all relevant times, off-duty City of St. Louis, Missouri police officers Reginald Davis ("Davis"), Dennis Shireff ("Shireff"), Frank Booker ("Booker"), David Calloway ("Calloway), and Darren Wilson ("Wilson") (collectively "Officers") were working as secondary security for Spotlight on its exterior parking lot. (Id. at ¶ 10). While responding to a fight, the Officers heard a single gun shot from an unidentifiable source. (Id. at ¶¶ 12-14). As Martin fled the scene, Davis and Shireff ordered Martin to remove his hands from his

1

pockets, then allegedly shot him four times. (Id. at ¶¶ 15-17). The Officers found an unloaded gun, which had not been fired, in Martin's waist band. (Id. at ¶¶ 18-19).

Martin filed his complaint in the Circuit Court for the City of St. Louis on September 18, 2007. Martin alleges the following claims against the Board and the City: negligent training and supervision (Count XII); respondeat superior liability because the Officers acted in the scope of their employment (Count XIII); and a 42 U.S.C. § 1983 claim for failure to instruct, supervise, control, and discipline (Count XVII).[1] Defendants removed to this Court on October 25, 2007. (Notice of Removal, Doc. No. 1). The City filed its motion to dismiss on October 29, 2007. (Doc. No. 5). On November 5, 2007, the Board filed its Motion to Dismiss. (Doc. No. 10).

## **STANDARD OF REVIEW**

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint in the light most favorable to Plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Additionally, the Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005). A motion to dismiss must be granted if the Complaint does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. –, 127 S. Ct. 1955, 1974

---

[1] While Martin named each Board member in his caption, he does not name any individual members in the three counts against the Board. (Id. at ¶¶ 69-75, 98-107). The Board asserts that it may only be sued through its individual members and that no allegations were made against an individual Board member. (Doc. No. 11). In his caption, Martin specifically names the Board members in their official capacities, which is treated as a suit against the Board. Thomas v. St. Louis Bd. of Police Comm'rs, 447 F.3d 1082, 1083 n. 1 (8th Cir. 2006). Thus, it is not for plaintiff necessary to name each Board member in each count.

2

(2007) (abrogating the "no set of facts" standard for Fed. R. Civ. P. 12(b)(6) found in <u>Conley v. Gibson</u>, 335 U.S. 41, 45-46 (1957)). Stated differently, to survive a motion to dismiss, the Complaint's factual allegations "must be enough to raise a right to relief above the speculative level." <u>Id.</u>, at 1965.

## **DISCUSSION**

### **I.     State Law Claims under Counts XII and XIII**

The Board asserts that Counts XII and XIII must be dismissed because there is no respondeat superior liability under § 1983 and no causal connection exists between the Board's actions and Martin's injury. In response, Martin contends that Counts XII and XIII are not brought under § 1983. The City asserts that Counts XII and XIII must be dismissed because it has sovereign immunity. Plaintiff responds that the common law doctrine of sovereign immunity does not extend to this situation.

While it is true that there is no respondeat superior liability in a § 1983 action, <u>Szabla v. City of Brooklyn Park</u>, 486 F.3d 385, 389 (8th Cir. 2007), Counts XII and XIII are state law claims. There is no mention of § 1983 in either one. (Compl. at ¶¶ 73-75). Moreover, the Complaint does not discuss § 1983 until ¶ 76, which is part of a separate portion of the Complaint that only alleges federal law claims. (<u>Id.</u> at p. 13). Accordingly, the Board's assertion that there is no respondeat superior liability in a § 1983 action has no effect on Martin's state law claims.

Counts XII and XIII, however, must be dismissed because of Missouri state law on sovereign immunity. In Missouri, a public entity, such as the City and the Board, has sovereign immunity from suit. Mo. Rev. Stat. § 537.600. Missouri has waived sovereign immunity in only three circumstances:

3

(1) injuries from negligent acts or omissions by public employees operating a motor vehicle; (2) injuries caused by the condition of a public entity's property; and (3) by a public entity purchasing liability insurance for tort claims other than those specifically exempted by statute. See Mo. Rev. Stat. § 537.600-610. The first two exceptions are not applicable to Martin's claims.

To meet the third exception, a plaintiff must plead that the state entity has an insurance policy. Epps v. City of Pine Lawn, 353 F.3d 588, 594 (8th Cir. 2003). A plaintiff must specifically plead facts that demonstrate the claim is within the insurance exception to sovereign immunity. See id. at 594; Brennan ex rel. Brennan v. Curators of the Univ. of Mo, 942 S.W.2d 432, 437 (Mo. Ct. App. 1997) (plaintiff must affirmatively plead the existence of an insurance policy and that the policy covers the claims asserted).

Upon consideration, the Court will dismiss Martin's state law claims against the City and the Board because he has failed to plead the existence of an insurance policy. Moreover, Plaintiff's contention about the alleged shooting occurring during a proprietary function is irrelevant. See Wollard v. City of Kansas City, 831 S.W.2d 200, 202-05 (Mo. 1992). As such, Counts XII and XIII are dismissed.

## II.     § 1983 Claim under Count XVII

The Board alleges that Martin's § 1983 claim against it must be dismissed because Martin has alleged neither a causal connection nor an unconstitutional policy. The City asserts that the § 1983 claim against it must be dismissed because it has no authority over the police force.

Under § 1983, every person is liable "who, under color of any statute, ordinance, regulation, custom or usage of any State . . . subjects or causes to be subjected any citizen . . . to the deprivation

4

of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. There is no vicarious liability under § 1983. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978). In order for a municipality liable under § 1983, a plaintiff must identify a governmental "policy or custom that caused the plaintiff's injury." Brockinton v. City of Sherwood, 503 F.3d 667, 674 (8th Cir. 2007). A governmental policy "involves a deliberate choice to follow a course of action . . . made from among various alternatives by an official who has the final authority to establish governmental policy." Jane Doe A. ex rel. Jane Doe B. v. Special Sch. Dist. of St. Louis County, 901 F.2d 642, 645 (8th Cir. 1990). A governmental custom involves a "a pattern of persistent and widespread . . . practices which bec[o]me so permanent and well settled as to have the effect and force of law." Id. at 646. Moreover, a municipality may be held liable even if such custom "has not received formal approval through the body's official decisionmaking process." Monell, 436 U.S. at 690-91. A custom is demonstrated by showing (1) the existence of a "continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees"; (2) the governmental entity's deliberate indifference to or tacit authorization of misconduct after receiving notice thereof; and (3) the custom was the moving force behind the constitutional violation. Kuha v. City of Minnetoka, 365 F.3d 590, 604 (8th Cir. 2003).

### A. Was there a causal connection

The Board alleges that no causal connection exists between its policies and the alleged unconstitutional actions of the Officers because Spotlight, not the Board, employed them when Martin was shot. This fact, however, did not effect their status as police officers because they "[do] not lose their status as police officers," when working secondary security. Carmelo v. Miller, 569

5

S.W.2d 365, 367 (Mo. Ct. App. 1978); see also Amadou v. Kansas City Police Dep't, No. 07-378-CV-W-RED, 2007 WL 2873515, at * 2 (W.D. Mo. Sept. 26, 2007) (upholding the dual status of police officers that the court found in Carmelo during secondary employment for a third party as both employees and simultaneously police officers); Conroy v. City of Ballwin, 723 S.W.2d 476, 478 (Mo. App. E.D. 1986) (holding the city had no duty to the shooting victim of an off-duty city police officer when the victim was not shot in the city). The Officers were still under the Board's supervision regardless of their employment as secondary security, meaning this status would not negate the alleged causal connection.

### B. Was there an Unconstitutional Policy or Custom

Both the City and the Board assert that no unconstitutional custom or policy is attributable to them. As previously stated, plaintiff must show an unconstitutional custom or policy to hold a government entity liable under § 1983. Upon consideration, the Court will not dismiss Martin's § 1983 claim against the Board because he has sufficiently pled the existence of a custom. Specifically, he claims that the Board encouraged the custom of a code of silence among police officers to protect one another, authorized and tacitly approved the use of unnecessary deadly force. (Compl. at ¶ 100).

Additionally, the Court will not dismiss Martin's § 1983 claim against the City. The fact that the City and the St. Louis Board of Police Commissioners ("Board") are two separate legal entities does not prevent them from "acting in concert to deprive constitutional rights pursuant to a joint policy or custom." Johnson v. Bd. of Police Comm'rs, 370 F. Supp. 2d 892, 902 (E.D. Mo. 2005); see Carroll v. Sisco, 4:00-cv-864, 2007 WL 209924, at * 4 (E.D. Mo. Jan. 23, 2007). Here, Martin has alleged that the City and the Board deliberately ignored "transgressions" by the police and failed

6

to remedy the police's unconstitutional policies of silence and using deadly force. (Compl. at ¶¶ 101, 104). As such, Martin has stated a § 1983 claim against the City and Count XVII will not be dismissed.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant City of St. Louis' Motion to Dismiss (Doc. No. 5) is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that Defendant St. Louis Board of Police Commissioners' Motion to Dismiss (Doc. No. 10) is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that Counts XII and XIII of the Complaint are **DISMISSED**.

Dated this 10th day of April, 2008.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE